[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the court on plaintiff's motion for "court intervention." The motion was drafted by the pro se plaintiff and is characterized by both of the parties' attorneys as a motion for contempt.
The parties were divorced on June 30, 1982. The decree provided, inter alia, that two lots in Florida be divided between the parties and the remaining jointly owned properties in Brookfield and Danbury be sold and the net proceeds divided equally between the parties. The Florida properties and two of the jointly held properties were disposed of in accordance with the decree. The West Wooster Street property (Wooster) was placed on the market but was not sold. On June 6, 1989, the Wooster property was conveyed by quitclaim deed by the plaintiff to the defendant.
The parties cohabited from 1984 to 1994 in defendant's home. Also, during this period of cohabitation, the plaintiff conveyed his Florida property to the defendant. The plaintiff admits that during this period of cohabitation, he did not pay any rent to the defendant. It also appears that the plaintiff bore the entire cost of repairs to her home.
The plaintiff claims that he quitclaimed his interest in the Wooster property under threat of being thrown out of the defendant's house. He also claims that he was physically and mentally ill when the defendant made her demand.
The defendant paints a somewhat different picture. She claims that she took care of the plaintiff during his illness and drove him to all of his medical appointments. She denies giving the plaintiff any ultimatum. She further claims that he left voluntarily and abruptly without any notice to her and that she was compelled to seek assistance from a detective agency to find him. She also testified that she spent $52,000 on repairs to the Wooster Street property on reliance upon the deed given to her by the plaintiff.
The rents were all collected by the defendant since the date of the divorce. The plaintiff now claims
1. One-half of all the rents received by the defendant for the Wooster Street property, less one-half of taxes, mortgages and other costs paid by her from the date of the judgment to the present day. CT Page 4132
2. One-half of the furnishings, coin collection and Krugerands.
3. One-half of Dorr's Management from the date of judgment to the present day.
4. One-half of the net value of the Wooster Street property.
The court will first address the issue of the personal property, coin collection and Krugerands. There is no question that the parties treated this aspect of the judgment rather cavalierly. The court cannot, on the basis of the testimony, rule that the plaintiff has carried his burden convincing the court that the defendant has violated the order of the court. The court cannot definitively find the defendant in contempt as to this aspect of the plaintiff's claim.
The furniture was discarded in 1985 since no claim was made for it, and she does not recall the coin collection or where the Krugerands are.
The claim as to Dorr's Management is meritless.
Finally, the defendant makes claim to one-half the net value of the Wooster Street property and an accounting of the rents. Clearly, the defendant is not entitled to a reconveyance of his interest nor is he entitled to one-half of the net value of the property. He conveyed the property to the defendant and fails to make out any claim of fraud. If, in fact, this is a motion for contempt it fails on that ground as well since there is no order for a reconveyance of any property. This is certainly not the forum for that claim if, in fact, such a claim has any validity.
The only claim which has merit is the one regarding rents from the date of judgment to the date of conveyance of the property to the defendant. The conveyance certainly in and of itself serves to sever any claims he may have to the rentals after the conveyance. The court is unaware of any theory of merger of judgment as to the past rents or a release of the judgment as to the past rents by virtue of the property conveyance. This argument has no merit.
The court is equally not persuaded by any of the defendant's arguments relative to laches, equitable estoppel or waiver. CT Page 4133
There is nothing in the testimony that indicates that the plaintiff in any way misled the defendant as to his claim for rents in accordance with the court order.
Accordingly, the court finds that the plaintiff is entitled to an accounting of the rents collected from the date of this dissolution to June 6, 1989. A hearing will be scheduled by the clerk of the court for the determination of that issue.
Mihalakos, J.